**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**

| | |
|---|---|
| LORI PICKETT, *individually and on behalf of all others similarly situated*,<br><br>                    Plaintiff,<br><br>     v.<br><br>HOVG, LLC, d/b/a/ BAY AREA CREDIT SERVICE (BACS),<br><br>                    Defendant. | Civil Action No: 4:23-cv-789<br><br>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff Lori Pickett (hereinafter, "Plaintiff") brings this Complaint by and through her attorneys, Stein Saks, PLLC, against Defendant HOVG, LLC ("HOVG"), doing business as Bay Area Credit Service (BACS), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**INTRODUCTION/PRELIMINARY STATEMENT**

1. Congress enacted the Fair Debt Collection Practices Act ("the FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." *Id*. at §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to ensure "that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* at § 1692(e). After determining that the existing consumer protection laws were inadequate, *see id*. at § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* at § 1692k.

3. On November 30, 2021, the Consumer Financial Protection Bureau ("CFPB"), issued Regulation F, 12 C.F.R. § 1006,[1] (hereinafter, "Regulation F") which details what information and disclosures are required in collection communications sent by a debt collector to a debtor. Regulation F specifically requires information that informs consumers that any notice of a dispute of a debt means that a debt collector cannot continue to collect on the debt until its been verified. 12 C.F.R. § 1006.34(c)(3)(i).

## JURISDICTION AND VENUE

4. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 *et seq*. The Court has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides, as well as where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

6. Plaintiff brings this class action pursuant to 15 U.S.C. § 1692 *et seq.*, commonly referred to as the Fair Debt Collection Practices Act ("FDCPA").

---

[1] *12 CFR Part 1006 - Fair Debt Collection Practices Act (Regulation F)*, CONSUMER FINANCIAL PROTECTION BUREAU, Nov. 30, 2021, https://www.consumerfinance.gov/rules-policy/regulations/1006/

7. Plaintiff is seeking damages and declaratory relief.

## PARTIES

8. Plaintiff is a resident of the State of Texas, County of Tarrant.

9. Plaintiff is a "person" as the term is used in 15 U.S.C. § 1692d.

10. Defendant is a Nevada corporation which does business as Bay Area Credit Service, and has its registered agent, Corporation Service Company, addressed at 112 North Curry Street, Carson City, Nevada 89703.

11. Defendant is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692a(6) and used in the FDCPA.

12. Upon information and belief, Defendant uses the mail, telephone, and facsimile and regularly engages in business, the principal purpose of which is to attempt to collect debts alleged to be due another.

## CLASS ALLEGATIONS

13. Plaintiff brings this claim on behalf of the following class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

14. The Class consists of:

   a. all individuals with addresses in the State of Texas;

   b. who received a collection communication from the Defendant

   c. which failed to contain the required disclosure notice pursuant to Regulation F, 12 C.F.R. 1006.34(c)(3)(i);

   d. wherein the Defendant sent collection communications which violated the FDCPA and Regulation F, infringing on the individual rights of the Class members; and

3

   e. which communications were sent on or after a date one year prior to the filing of this action and on or before a date twenty-one days after the filing of this action.

15. The identities of all Class members are readily ascertainable from the records of the Defendant and those companies and entities on whose behalf it attempts to collect and/or have purchased debts.

16. Excluded from the Class are the Defendant and all officers, members, partners, managers, directors and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

17. There are questions of law and fact common to the Class, which common questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendant's communications to consumers, similar in form to that attached as Exhibit A, violate 15 U.S.C. §§ 1692e, 1692f and 1692g.

18. Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. Plaintiff will fairly and adequately protect the interests of the Class defined in this complaint. Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff, nor her attorneys, have any interests that might cause them not to vigorously pursue this action.

19. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

a. **Numerosity:** Plaintiff is informed and believes, and on that basis alleges, that the Class defined above is so numerous that joinder of all members would be impractical.

b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the form attached as Exhibit A, violate 15 U.S.C. §§ 1692e, 1692f and 1692g.

c. **Typicality:** Plaintiff's claims are typical of the claims of the class members. Plaintiff, and all members of the Class, have claims arising out of the Defendant's common uniform course of conduct complained of herein.

d. **Adequacy:** Plaintiff will fairly and adequately protect the interests of the class members insofar as the Plaintiff has no interests that are averse to the absent class members. Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues and class actions. Neither the Plaintiff, nor her counsel, have any interests that might cause them not to vigorously pursue the instant class action lawsuit.

e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common

5

claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

20. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

21. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

22. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

23. Sometime prior to February 17, 2023, an alleged debt was incurred to Burbot Emergency Physicians, PLLC ("Burbot").

24. Upon information and belief, Burbot contracted with Defendant for the purposes of collecting a debt.

25. On February 17, 2023, Defendant mailed Plaintiff a collection communication to collect on the alleged debt. A true and accurate copy of the letter Defendant sent to the Plaintiff is attached as Exhibit A, hereinafter "Letter."

26. The Letter contains a disclosure to inform the Plaintiff of the dispute process:

> If you notify this office in writing by April 3, 2023 that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of the judgment and mail you a copy of such judgment or verification.

*See* Exhibit A at 2.

27. Pursuant to Regulation F, each collection communication is required to have the following disclosure:

> The date that the debt collector will consider the end date of the validation period and a statement that, if the consumer notifies the debt collector in writing on or before that date that the debt, or any portion of the debt, is disputed, **the debt collector must cease collection of the debt, or the disputed portion of the debt, until the debt collector sends the consumer either verification of the debt or a copy of a judgment**.

12 C.F.R. § 1006.34(c)(3)(i) (emphasis added).

28. This provision of Regulation F echoes the language of the FDCPA which creates a consumer's right to not be subject to collection effort by a debt collector during the dispute process:

> If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, **the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification** of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. . .

15 U.S.C. § 1692g(b) (emphasis added).

29. The Letter fails to include the required language informing consumers that Defendant will cease collection of the debt until the debt is verified after a consumer notifies the Defendant of a dispute.

30. Pursuant to 15 U.S.C. § 1692e: "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."

31. Pursuant to 15 U.S.C. § 1692e(2)(A), a violation occurs when a debt collector makes a false representation regarding "the character, amount, or legal status of any debt[.]"

7

32. Pursuant to 15 U.S.C. § 1692e(10), a violation occurs when a debt collector makes a collection communication with "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

33. Defendant's Letter violates 15 U.S.C. § 1692e because it contains a misrepresentation regarding the dispute process in an attempt to collect a debt.

34. Pursuant to 15 U.S.C. § 1692f: "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

35. Defendant's Letter violates 15 U.S.C. § 1692f, because it uses unfairly and unconscionably withholds the required disclosure information required by the FDCPA and Regulation F.

36. Accordingly, Defendant's conduct violated multiple provisions of the FDCPA.

37. Congress is empowered to pass laws and is well-positioned to create laws that will better society at large.

38. The harms caused by the Defendant has a close relationship with various harms traditionally recognized as providing a basis for lawsuit in American courts.

39. As it relates to this case, the common-law analogues are to the traditional torts of fraud, negligent infliction of emotional distress, invasion of privacy, and nuisance.

40. For the purposes of this action, only a close relationship to common law harm is needed, not an exact duplicate.

41. Plaintiff suffered various emotional harms including, but not limited to, increased heartrate, difficulty with sleep, anxiety, and stress associated with the number of calls she was being disturbed with for a debt that should have never been associated with her.

42. Defendant's conduct demonstrated a reckless disregard, causing Plaintiff to suffer from emotional stress.

43. Defendant's violations were knowing, willful, negligent, and/or intentional, and Defendants did not maintain policies and procedures reasonably adapted to avoid any such violations.

44. Defendant's collection efforts with respect to the alleged debt caused Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides Plaintiff with the legally protected right to not be misled or treated unfairly with respect to any action for the collection of any consumer debt.

45. Defendant's conduct with respect to its collection efforts were material in that the same affected and frustrated Plaintiff's ability to intelligently respond to Defendant's collection efforts because Plaintiff has not yet received verification documents or any other response from her emails.

46. Plaintiff would have pursued a different course of action were it not for Defendant's statutory violations.

47. Defendant's communications further caused distress, embarrassment, humiliation, disruption, and other damages and consequences.

48. Defendant's collection efforts with respect to the debt caused Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides Plaintiff with the legally protected right not to be harassed or treated unfairly in connection with the collection of a debt.

49. Defendant's collection efforts with respect to the debt caused Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides Plaintiff with a legally protected right to not suffer an invasion of privacy in connection with the collection of a debt.

50. In reliance on Defendant's conduct, Plaintiff expended time and money in an effort to mitigate the risk of future financial harm in the form of dominion and control over her funds.

51. In reliance on Defendant's conduct, Plaintiff expended time and money in an effort to mitigate the risk of future financial and reputational harm in the form of debt collection informational furnishment, and ultimate dissemination, to third parties.

52. Based on Defendant's failure to communicate with Plaintiff, Plaintiff expended time, money, and resources to determine how to respond to Defendant's debt collection activities.

53. As a result of Defendant's deceptive, misleading, unfair, unconscionable, and false debt collection practices, Plaintiff has been damaged.

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692e *et seq.*

54. Plaintiff repeats, reiterates, and incorporates the allegations contained in the paragraphs above herein with the same force and effect as if the same were set forth at length herein.

55. Defendant's debt collection efforts directed towards Plaintiff violated various provisions of the FDCPA, including but not limited to, 15 U.S.C. § 1692e.

56. Pursuant to 15 U.S.C. § 1692e: "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."

57. Pursuant to 15 U.S.C. § 1692e(2)(A), a violation occurs when a debt collector makes a false representation regarding "the character, amount, or legal status of any debt[.]"

58. Pursuant to 15 U.S.C. § 1692e(10), a violation occurs when a debt collector makes a collection communication with "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

59. Defendant violated 15 U.S.C. § 1692e:

   a. By misrepresenting the dispute process to the Plaintiff by withholding a disclosure that Defendant will cease all collection efforts after receiving a notice of a dispute until the debt has been verified, which is required under Regulation F.

60. By reason thereof, Defendant is liable to Plaintiff and the Class for judgment in that Defendant's conduct violated 15 U.S.C. § 1692e *et seq.* of the FDCPA, which includes actual damages, statutory damages, costs, and attorneys' fees.

## COUNT II

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692f *et seq.*

61. Plaintiff repeats, reiterates, and incorporates the allegations contained in the paragraphs above herein with the same force and effect as if the same were set forth at length herein.

62. Defendant's debt collection efforts directed towards Plaintiff violated various provisions of the FDCPA, including but not limited to, 15 U.S.C. § 1692f.

63. Pursuant to 15 U.S.C. § 1692f: "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

64. Defendant violated 15 U.S.C. § 1692f:

   a. By unfairly and unconscionably withholding a required disclosure in its Letter to the Plaintiff.

65. By reason thereof, Defendant is liable to Plaintiff for judgment in that Defendant's conduct violated 15 U.S.C. § 1692f *et seq.* of the FDCPA, which includes actual damages, statutory damages, costs, and attorneys' fees.

## COUNT III

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692g *et seq.*

66. Plaintiff repeats, reiterates, and incorporates the allegations contained in the paragraphs above herein with the same force and effect as if the same were set forth at length herein.

67. Defendant's debt collection efforts directed towards Plaintiff violated various provisions of the FDCPA, including but not limited to, 15 U.S.C. § 1692g.

68. Pursuant to 15 U.S.C. § 1692g(b), a debt collector must cease collection communications once the consumer has notified it of a dispute and the debt collector has not produce documents to verify the alleged debt:

> If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.

69. Defendant violated 15 U.S.C. § 1692g:

   a. By failing to disclose in its Letter that Defendant will cease all collection efforts after receiving a notice of a dispute and until the debt has been verified.

70. By reason thereof, Defendant is liable to Plaintiff and the Class for judgment in that Defendant's conduct violated 15 U.S.C. § 1692g *et seq.* of the FDCPA, which includes actual damages, statutory damages, costs, and attorneys' fees.

### DEMAND FOR TRIAL BY JURY

71. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Lori Pickett, individually and on behalf of all others similarly situated, demands judgment from the Defendant as follows:

1. Declaring that this action is properly maintainable as a Class Action and certifying the Plaintiff as Class representative, and the undersigned Attorneys as Class Counsel;

2. Awarding the Plaintiff and the Class statutory damages pursuant to 15 U.S.C. § 1692k(a)(1);

3. Awarding the Plaintiff and the Class actual damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

4. Awarding the Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5. Awarding pre-judgment interest and post-judgment interest; and

6. Awarding Plaintiff and the Class any such other and further relief, as well as further costs, expenses, and disbursements of this action as this Court may deem just and proper.

Dated: July 28, 2023

Respectfully submitted,
**STEIN SAKS, PLLC**
*/s/ M. Hasan Siddiqui*
By: M. Hasan Siddiqui, Esq.
One University Plaza, Suite 620
Hackensack, NJ 07601
Phone: 201-282-6500
Fax: 201-282-6501
hsiddiqui@steinsakslegal.com
*Pro Hac Vice Pending*